UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN BYBEL,

    Plaintiff,

v.                                                                         CASE NO. 8:15-cv-2815-T-23MAP

CITY OF NEW PORT RICHIE, FL, *et al.*,

    Defendants.
_____/

**ORDER**

Plaintiff, an inmate at Apalachee Correctional Institution, brings a claim under 42 U.S.C. § 1983 against employees of the Pasco County Sheriff's Office, a county commissioner, a city attorney, and the Pasco County Clerk. Plaintiff alleges Defendants deprived him of his right to claim abandoned real property. This matter is before the Court pursuant to 28 U.S.C. § 1915A. Upon review of Plaintiff's Complaint (doc. 1), I find that it fails to state a claim and grant Plaintiff leave to amend the Complaint.

Under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[1] Because Defendants in this action are employees of the Pasco County Sheriff's Office, a city attorney, a county commissioner, and the Pasco County Clerk, Plaintiff's complaint is subject to review pursuant to § 1915A.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a violation

---

[1] "[Section] 1915A does not distinguish between *in forma pauperis* plaintiffs and plaintiffs who pay the filing fees." *Thompson v. Hicks*, 213 Fed. App'x 939, 942 (11th Cir. 2007).

of a specific constitutional right or federal statutory provision; (2) was committed by a person acting under color of state law. *Doe v. Sch. Bd. of Broward County, Fla.*, 604 F.3d 1248, 1265 (11th Cir. 2010). Here, Plaintiff states that Defendants deprived him of his right to claim abandoned real property, but fails to specify which constitutional right or federal statutory provision Defendants violated.[2] He names six Defendants: 1) Assistant County Administrator Bipin Parikh, 2) an unnamed attorney at City Hall, 3) Pasco County Clerk Paula O'Neil, 4) Pasco County Sheriff Bob White, 5) Pasco County Sheriff's Office detective Gary Souto, and 6) Pasco County Sheriff's Office detective Sergio Souto. However, Plaintiff fails to make any allegations specifying how each Defendant named in his lawsuit violated his constitutional rights.[3] Plaintiff's Complaint only mentions how an unnamed clerk employee contributed to his loss of constitutional rights by failing to accept a filing fee. Accordingly, Plaintiff fails to state a claim upon which relief may be granted. *See, e.g.., Rodriguez v. Sec'y, Dep't of Corr.*, 508 F.3d 611, 625 (11th Cir. 2007) (requiring a causal connection).

Finally, Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure

---

[2] Plaintiff mentions § 95.11, Florida Statutes, but that is a state statute, not a federal statute.

[3] To the extent that Plaintiff alleges the Defendants are liable through supervisory liability, Plaintiff must allege that the supervisor personally participated in the alleged constitutional violation or there was a causal connection between actions of the supervising official and the alleged constitutional deprivation. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). A plaintiff may establish a causal connection by showing "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so," *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003), or that a supervisor's "custom or policy . . . resulted in deliberate indifference to constitutional rights," *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir.1991).

8(a), which requires "a short and plain statement of the grounds for the court's jurisdiction." Title 28 U.S.C. §§ 1331 and 1332 provide the statutory basis of federal court subject-matter jurisdiction. A plaintiff can establish federal question jurisdiction by filing a complaint that alleges a federal law creates the cause of action or that the right to relief depends on a substantial question of federal law. 28 U.S.C. §§ 1331; *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808-09 (1986). A plaintiff establishes federal diversity subject matter jurisdiction under § 1332 when the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the matter is between citizens of different states. *See* 28 U.S.C. § 1332. Accordingly, it is

ORDERED:

1. Plaintiff is given 60 days from the date of this Order to file with the Clerk an amended complaint that a) properly states a claim against each Defendant under 42 U.S.C. § 1983, and b) sufficiently describes the basis for this Court's jurisdiction.

2. Plaintiff is advised that failure to file an amended complaint within 60 days may result in dismissal of this action.

DONE and ORDERED at Tampa, Florida on March 1, 2016.

*[signature: Mark A. Pizzo]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE