UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN BYBEL,

    Plaintiff,

v.                                                CASE NO. 8:15-cv-2815-T-23MAP

CITY OF NEW PORT RICHIE, FL, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at Apalachee Correctional Institution, brings a claim under 42 U.S.C. § 1983 against employees of the Pasco County Sheriff's Office, a county commissioner, a city attorney, and the Pasco County Clerk. Plaintiff alleges Defendants deprived him of his right to claim abandoned real property. This matter is before the Court pursuant to 28 U.S.C. § 1915A. On March 1, 2016, I reviewed Plaintiff's Complaint (doc. 1), and found that it failed to state a claim (doc. 13). Nonetheless, I gave Plaintiff 60 days to "file with the Clerk an amended complaint that a) properly states a claim against each Defendant under 42 U.S.C. § 1983, and b) sufficiently describes the basis for this Court's jurisdiction" (*id.*). On March 17, 2016, Plaintiff filed an Amended Complaint which reads as a supplement to Plaintiff's Complaint. The Amended Complaint cures one of the deficiencies that I noted in my previous Order by identifying which constitutional rights Defendants allegedly violated. However, Plaintiff still fails to make any allegations specifying how each Defendant named in his lawsuit violated his constitutional rights. For this reason and the others discussed below, I recommend Plaintiff's case be dismissed.

Under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[1] Because Defendants in this action are employees of the Pasco County Sheriff's Office, a city attorney, a county commissioner, and the Pasco County Clerk, Plaintiff's complaint is subject to review pursuant to § 1915A.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) a violation of a specific constitutional right or federal statutory provision; (2) was committed by a person acting under color of state law. *Doe v. Sch. Bd. of Broward Cty., Fla.*, 604 F.3d 1248, 1265 (11th Cir. 2010). Here, Plaintiff states that Defendants deprived him of his right to claim abandoned real property in violation of the Fourth Amendment and the Ninth Amendment. However, the Ninth Amendment "has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986); *see also Parham v. Lamar*, 1 F. Supp. 2d 1457, 1461 (M.D. Fla. 1998) (holding that a plaintiff cannot maintain a civil rights claim for the defendants' alleged violation of the Ninth Amendment where the plaintiff has failed to identify any fundamental right implicitly guaranteed by the Ninth Amendment that the defendants have abridged); *Charles v. Brown*, 495 F. Supp. 862, 864 (N.D. Ala. 1980) (granting a motion to dismiss upon holding that "a § 1983 claim based solely on alleged Ninth Amendment rights must fail because there are no constitutional rights secured by that

---

[1] "[Section] 1915A does not distinguish between *in forma pauperis* plaintiffs and plaintiffs who pay the filing fees." *Thompson v. Hicks*, 213 Fed. App'x 939, 942 (11th Cir. 2007).

amendment."). And, as to the Fourth Amendment, the Supreme Court has held that "[i]t is axiomatic that the Fourth Amendment guarantee against unreasonable searches and seizures protects personal privacy interests, not property rights." *United States v. Quinn*, 475 U.S. 791, 793 (1986). Accordingly, a Fourth Amendment claim is not appropriate here.

Moreover, Plaintiff fails to allege facts connecting each Defendant to the constitutional violation. Plaintiff names six Defendants: 1) Assistant County Administrator Bipin Parikh, 2) an unnamed attorney at City Hall, 3) Pasco County Clerk Paula O'Neil, 4) Pasco County sheriff Bob White, 5) Pasco County Sheriff's Office detective Gary Souto, and 6) Pasco County Sheriff's Office detective Sergio Souto. However, Plaintiff fails to make any allegations specifying how each Defendant named in his lawsuit violated his constitutional rights.[2] Plaintiff's Complaint only mentions 1) an unnamed clerk employee that contributed to his loss of constitutional rights by failing to accept a filing fee, and 2) an unnamed employee at the City Attorney's office who instructed the clerk to accept the filing fee (doc. 1 at 3). Accordingly, Plaintiff fails to state a claim upon which relief may be granted. *See, e.g.., Rodriguez v. Sec'y, Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007)

---

[2] To the extent that Plaintiff alleges the Defendants are liable through supervisory liability, Plaintiff must allege that the supervisor personally participated in the alleged constitutional violation or there was a causal connection between actions of the supervising official and the alleged constitutional deprivation. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). A plaintiff may establish a causal connection by showing "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so," *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003), or that a supervisor's "custom or policy . . . resulted in deliberate indifference to constitutional rights," *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir.1991). Here, Plaintiff makes bold accusations that there was "fault in hiring," "deliberate indifference," and "failure to supervise" without alleging any facts to support those allegations. Those vague and conclusory allegations do not establish supervisory liability. *Gonzalez*, 325 F.3d at 1235.

(requiring a causal connection).

Finally, Plaintiff's claims are barred by the statute of limitations. A § 1983 action brought in Florida is governed by Florida's four-year personal injury statute of limitations. *Henyard v. Secretary, DOC*, 543 F.3d 644, 647 (11th Cir. 2008). Under Plaintiff's version of events, his statute of limitations clock began to run on January 1, 2010, when a clerk denied him the right to pay a filing fee to lay claim to abandoned real property (doc. 1 at 3). *Moore v. Fed. Bureau of Prisons*, 553 Fed. App'x 888, 890 (11th Cir. 2014) (citing *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir.1998) ("[U]nder our *Bivens* case law, an action accrued at the time the plaintiff knew or had reason to know of his claims.")). Accordingly, Plaintiff's four-year window to file suit closed in January 2014, nearly 2 years before the present action was filed.[3]

For all these reasons, it is RECOMMENDED:

1. Plaintiff's Amended Complaint (doc. 14) be DISMISSED.

IT IS SO REPORTED at Tampa, Florida on March 22, 2016.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding

---

[3] Plaintiff's Complaint does not allege a continuing § 1983 conspiracy.

or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.